Day, J.
Under the first assignment of error, the jurisdiction of both the courts below is questioned, on the ground that the leave to bring the action was obtained without filing a motion for that purpose in the case in which the receiver was appointed, and without notice to the parties in that case. This is claimed to be essential, for the reason that a recovery is not sought against the receiver personally, but from the fund in his hands, in which his cestui que trusts are interested.
The receiver was exercising the franchises of the railroad company, and had the exclusive and independent control of the business placed in his hands. He was answerable to the same extent as the company would have been if it had continued to conduct the same business, and, but for the protection afforded to him as an officer of the court, he might be sued in the same manner the company could have been. He is empowered by the statute to bring and defend actions, under the control of the court, in his own name as receiver. (Code, sec. 256.) The court granted leave to bring the» action against him as receiver, and ordered him to answer thereto. His official protection from suit, whatever it may have been, *159 was thus removed. After the receiver complied with the order of the court, by answering to the action, there was surely no want of jurisdiction. Nor was it essential to the validity of the order, that it should be applied for pn notice to the parties in the case in which the receiver was appointed. It is sufficient that the leave was granted by the court having control of the receiver on notice to him, against whom alone the cause of action exists, and against whom the action must be brought.
It is claimed, under the second assignment of error, that the action was one in which either party had the right to demand a trial by jury; and that, therefore, the district court could not acquire jurisdiction thereof by appeal.
No special mode of proceeding is prescribed by the statute for conducting actions which a receiver is authorized to bring or defend. It might, therefore, be reasonably inferred that they are to be tried and determined by the ordinary rules applicable to actions under the code. But it is not necessary for us to determine, in the ease before us, whether parties to this class of actions may have in any case the right to demand a trial by jury.
The code provides (sec. 263) that “ issues of fact arising in actions for the recovery of money, or specific real or personal property, shall be tried by a jury.” The statute of 1858 (S. & C. 1155) provides “ that a second trial may be demanded and had in any civil action,” in which the common pleas has original jurisdiction, and in which either party “has the right by law to demand a trial by jury.” The same act provides that appeals may be taken to the district court from all judgments or decrees of the common pleas, “ in which the parties have not the right, by virtue of the laws of this State, to demand a trial by jury.”
After a trial in the common pleas, the party aggrieved might obtain another trial, either in the same court, or, by appeal, in the district court. But in which of the courts the case might be retried, was often a question of difficult solution. As the law stood under this act, the party was compelled to take the hazard of a correct decision of the question *160 which determined the forum of the retrial. A mistake in this matter was fatal; for, failing in one court, it could not be obtained in the other.
To remedy this defect, in the following year, an act was passed supplementary to the act of 1858 (S. & C. 1159), which provides that when a second trial shall be demanded under that act, “ such second trial shall not be allowed unless the court is of the opinion that the case is one in which a trial by jury may be demanded by either party,” and that “ the opinion of the court allowing or disallowing a second trial shall be entered upon the journal of the court.” It is further provided that, “ If the opinion of the court shall be adverse to the allowance of the second trial, either party may appeal to the district court from the judgment rendered in the case,” on giving notice and bond for appeal as required by law.
This is an important modification of the right of appeal as granted by the act of 1858 ; for it is not left to depend alone upon the right to demand a trial by jury in the ease; but, where either party demands a second trial, it is made to depend upon the decision of the court on that question. When it is adverse to the allowance of a second trial, the right of appeal, for that reason, is expressly granted by the supplementary act. Jurisdiction of a case, therefore, may be acquired by appeal under this act as fully as under that of 1858.
In the case before us, no action was taken in the district court, either by petition in error, or by motion to dismiss the appeal, to call in question the ruling of the common pleas, in disallowing a second trial. There was, therefore, no ruling of the district court on the question, on which to predicate error, or a reversal of its judgment.
The supplementary act under which the case was appealed contains ample remedial provisions, in case the appeal had been dismissed by the district court, on the ground that a second trial should have been allowed; or (had no appeal been taken), if the order disallowing a second trial had been reversed on error by the district court. In either case the *161 district court is required to remand the case to the common pleas.
The district court, under this act, obtains jurisdiction of the case by the appeal. If the order of the common pleas disallowing a second trial is erroneous, it may dismiss the appeal and remand the case. But if this is not done, and the parties waive objection to the order, by proceeding to trial and judgment, it would be contrary to the spirit of the supplementary act, as well as the plain principles of the law, to reverse the judgment, in which the court has jurisdiction, where no error intervened in its rulings in the case.
The third assignment of error is general, and can raise only such questions as are more properly made under the fifth assignment, for error in overruling ,the motion for a new trial.
As to the fourth assignment of error, it is sufficient to say, that the record discloses no erroneous rulings of the court in relation to the admission of evidence on the trial.
The remaining error assigned is the overruling the motion for a new trial. It is claimed that the judgment is not sustained by sufficient evidence, and is contrary to law.
In Meara's Adm'r v. Holbrook, decided this term,* we held that this class of cases against receivers was to be determined upon the principles applicable to like cases against individuals or corporations carrying on the same business. In this view of the case, most of the questions raised on the motion for a new trial resolve themselves into questions of fact.
It was claimed by the plaintiff below that he received the injury complained of while travelling in the night on the highway,, by reason of a deep excavation in the side of a hill across the public highway, made by the employés of the defendant below. On the other hand, it is claimed, that long before the receiver began to exercise the franchises of the railway company, the highway had been lawfully diverted by the company from the place of the accident, and that the plaintiff drove there in his own wrong. The company was *162 empowered by its charter to divert highways whenever it was necessary “ in the construction ” of its road; but they were also required to place such highway, without unnecessary delay, “ in such condition as not to impair its former usefulness.” If it be conceded (though it is by no means clear of doubt), that this power was broad enough to authorize the company, after its road was located and constructed, to divert a highway for the purpose of opening a gravel pit or bank across the old way, it is clear that they could lawfully do so only upon exercising reasonable precautions for the public safety. In regard to the exercise of admitted rights in cases of this kind, the rule is briefly stated in Vesey v. The Railway Co. (49 Maine, 119), viz.: “ The right to make the cut did not give the right to do it without due regard to the public safety; and that, required that all proper guards should be erected and continued, whenever there was danger of injury to any person by reason of the cut.” Under this'rule, then, it becomes a question of fact, whether the alleged injury of the plaintiff below, without fault on his part, was occasioned by the negligence- of the employés of the receiver.
There was evidence in the case tending to show that, after the road came into the hands of the receiver, the excavation in the old highway was much enlarged and rendered more dangerous; and that shortly before the accident, the employés of the receiver were engaged in carting dirt in the old highway to repair or finish the new one, and that the old road was left without any barriers or guards to hinder or warn travellers in the night from driving into the excavation. ‘The testimony is voluminous, and we cannot here refer to it all; nor can we notice many of the minor points made in the case, further than to say, that after a careful consideration of 'the case, we cannot say that the judgment of the court below was not warranted by the law and the evidence.
It is also claimed that the court erred in not granting a new trial on the ground of newly discovered evidence. This claim is supported by the affidavits of a number of physicians disclosing evidence tending to diminish the extent of the injury claimed on the part of the plaintiff below. The evidence did *163 not go to the right of action, but to diminish the damages. The witnesses lived in the town where the case was tried, and their knowledge on the subject was obtained by an examination of the limb and that part of the body of the plaintiff claimed to be injured. The ease had been tried once before, and on the trial the plaintiff expressed himself willing to submit to an examination by surgeons. It seems to us that the same kind of evidence, on which the new trial was asked, at all times on and before the trial, could have been so easily procured, that the court might well regard the neglect to do it as a sufficient reason for refusing a new trial on that ground.
On the whole case we do not find any error that will justify us in reversing the judgment of the court below; it must therefore be affirmed.
Brinkerhofe, O.J., and Welch and White, JJ., concurred.
Scott, J., dissented from the third proposition of the syllabus.